# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:09cv25

| | |
|---|---|
| JAMES J. HOWARD, SR., ) <br> ) <br> Plaintiff, ) <br> ) <br> Vs. ) <br> ) <br> 111TH UNITED STATES CONGRESS, ) <br> *et al.*, ) <br> ) <br> Defendants. ) <br> _____ ) | MEMORANDUM AND <br> RECOMMENDATION |

**THIS MATTER** is before the court on defendants' Motion to Dismiss. Plaintiff is proceeding *pro se* and was on April 21, 2009, advised of his obligation to respond and the time for doing so. In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), plaintiff was cautioned that defendants had filed a Motion to Dismiss contending that this court lacks subject matter jurisdiction over his Complaint, that defendants are immune from suit, that plaintiff has failed to state a claim, and that plaintiff has failed to perfect service. Plaintiff was allowed until May 4, 2009, to so respond; however, no response has been filed. Order, Docket Entry #3.

## FINDINGS AND CONCLUSIONS

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the

subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts

> beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69.

In this case, plaintiff contends that "the 111th United States Congress and its 535 individual Members, to include 110th Congress and its Members" have

> breached their Oath of office by failing to uphold The UNITED STATES CONSTITUTION . . . [by] reach[ing] out beyond their legal authority to fund taxpayer monies to the private sector and usurping the power of Corporate responsibility.

Complaint, at ¶¶ 1-2. He also contends that the Congressional Defendants "have been derelict in their duties to follow the will of the people." Complaint, at ¶ 3. Furthermore, the Complaint avers that "the Defendant(s) are guilty of Malfeasants [*sic*] to the office they hold" for "allocating monies to Organizations that are not in the best interest of the American people." Complaint, at ¶¶ 3-4. Mr. Howard is seeking $5 million "to recover damages and other relief available at law and in equity on behalf of himself as well as on behalf of the taxpayer." Complaint, at p. 2. The

Congressional Defendants seek dismissal because: (1) plaintiff lacks standing to sue; (2) the Congressional Defendants are immune from suit; (3) the Complaint fails to state a claim upon which relief may be granted; and (4) service of process was insufficient. Inasmuch as subject matter jurisdiction is a threshold matter and is case dispositive as it is lacking, the court will not address the remaining three grounds for dismissal, although they are all proper and supported.

Federal courts may, under Article III of the United States Constitution, only consider a real "case-or-controversy." Allen v. Wright, 468 U.S. 737, 750, reh'g denied, 468 U.S. 1250 (1984). In order for their to be a case-or-controversy, the person who brings the litigation must have standing to sue. To show standing, plaintiff has the affirmative duty of showing:

> First . . . an "injury in fact" – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of . . . . Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (citations and footnotes omitted). Reading the Complaint in a light most favorable to plaintiff, his alleged "injury in fact" rests on his belief that he has been injured because defendants allegedly exceeded "their legal authority to fund taxpayer monies to the private sector

and usurp[ed] the power of Corporate responsibility" and have allegedly "allocat[ed] monies to Organizations that are not in the best interest of the American people." Complaint, at ¶¶ 2-3. No standing exists where the alleged injury is based on the "effect of allegedly illegal activity on public revenues, to which the taxpayer contributes." DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 344 (2006)(citation and quotation marks omitted). The Court of Appeals for the Fourth Circuit has held that "it is well settled in the federal courts that such use of the funds of the United States violates no right of the taxpayer of which he may complain." Duke Power Co. v. Greenwood County, 91 F.2d 665, 676 (4th Cir. 1937) (citations omitted). Plaintiff lacks standing to sue; thus, this court lacks jurisdiction over the subject matter of this action.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendants' Motion to Dismiss (#2) be **ALLOWED** and this action be dismissed for lack of subject matter jurisdiction.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **ten** (**10**) days of service of

same.  Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: May 20, 2009

Dennis L. Howell
United States Magistrate Judge